IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM McGUIRE | § | |
| | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| GEOFFREY CHACKEL, | § | 1:21-CV-210-RP |
| PERSONAL REPRESENTATIVE OF | § | |
| THE ESTATE OF | § | |
| ANTHONY LAUGHLIN, DECEASED | § | |
| | § | |
|    Defendant | § | |

**<u>PLAINTIFF'S TRADITIONAL AND NO EVIDENCE
MOTION FOR SUMMARY JUDGMENT</u>**

TABLE OF CONTENTS

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     INTRODUCTION AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . 2

II.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   SUMMARY JUDGMENT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V.    ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.    Plaintiff has a valid and enforceable contract. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        B.    Anthony Laughlin breached the contract. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        C.    Plaintiff sustained damages as a result of Laughlin's breach. . . . . . . . . . . . . . . . 9

VI.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TO THE HONORABLE ROBERT PITTMAN, UNITED STATES DISTRICT JUDGE:

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Court Rule CV-7, Plaintiff hereby files this traditional and no evidence motion for summary judgment.

Plaintiff respectfully moves this Court for an order granting traditional and no evidence summary judgment. There is no triable issue of material fact regarding the issue of whether Anthony Laughlin breached the contract which Anthony Laughlin and Plaintiff entered. On this basis, Plaintiff is entitled to judgment as a matter of law. Plaintiff's traditional and no evidence motion for summary judgment is based on the pleadings and papers filed in this action and this motion, as well as the accompanying memorandum, declarations, and any additional response, evidence, or argument that counsel will make at or before the hearing.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I.   INTRODUCTION AND PROCEDURAL BACKGROUND.

This is a case involving a breach of a real estate contract. It was first brought by Plaintiff against Anthony Laughlin in state court, in Travis County, Texas in January of 2020. After various attempts to effectuate service of process on Anthony Laughlin (who had moved to Oregon), Plaintiff effectuated service of process upon Anthony Laughlin through the Texas Secretary of State. Anthony Laughlin failed to timely file an answer to Plaintiff's lawsuit, and Plaintiff moved for default judgment against Anthony Laughlin, dispatching to Anthony Laughlin a courtesy copy of the motion for default judgment. Prior to hearing on Plaintiff's motion for default judgment,

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*          Page 2 of 11

Anthony Laughlin answered and appeared in the lawsuit. Subsequently, Anthony Laughlin propounded discovery to Plaintiff, and Plaintiff timely responded to same on October 23, 2020. In early November, counsel for Anthony Laughlin informed Plaintiff's counsel that Anthony Laughlin had died, but failed to provide any documentation of same. Upon receiving no documentation of the occurrence or other pleadings pertaining to same, Plaintiff served written discovery requests upon Anthony Laughlin on December 9, 2020. Thereafter, counsel for Anthony Laughlin filed Suggestion of Death in the Texas state court lawsuit, and a probate action for the Estate of Anthony Laughlin was commenced in Oregon, resulting in Geoffrey Chackel being appointed by the court as personal representative for the Estate of Anthony Laughlin. Plaintiff filed his motion for scire facias, which was granted by the Court. Geoffrey Chackel filed and served his answer to the lawsuit, and then removed the lawsuit to federal court.

II.     STATEMENT OF FACTS

It is undisputed that in January of 2018, Anthony Laughlin agreed to purchase from Plaintiff the real property, a condominium, located at 555 Fifth Street, Unit 3001, in Austin, Texas (hereinafter sometimes referred to as "the Property"). It is undisputed that the parties memorialized the agreement by signing the Residential Condominium Contract (Resale) (hereinafter sometimes referred to as "the Contract", a true and correct copy of which is set forth as Exhibit "A-1" hereto), which set forth the parties' agreement that the purchase price was $1,375,000.00, that the closing of the sale would occur on or before February 16, 2018, and that the effective date of the Contract was January 31, 2018. It is undisputed that Anthony Laughlin signed the Contract in his individual

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
<u>*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*</u>          Page 3 of 11

capacity on January 31, 2018. (Subsequently, the parties agreed to reschedule the closing of the sale to occur on February 28, 2018 by way of written amendment to the contract. See Exhibit "A-1" attached hereto, which includes a true and correct copy of the amendment.)

Thereafter, Plaintiff performed all of his duties pursuant to the parties' contract, and acted in reliance on the contract. For example, Plaintiff withdrew the Property from public sale offer, commenced vacating of the property, and proceeded to close his purchase of a different property in anticipation of funding on the Property. Exhibit A.

It is undisputed that on February 23, 2018, Anthony Laughlin's real estate representative informed Plaintiff's real estate representative that Anthony Laughlin would not immediately fulfil his contractual obligations because he had been served with divorce papers and needed additional time to fulfil his funding obligations. Exhibit A-2. Specifically, Plaintiff was informed by his real estate representative as follows:

> "As it was explained to me earlier today, the buyer returned from business travel this week to find he was locked out of his home and served with divorce papers. While I was told that the soon to be ex-wife was in favor of his purchase, and he says he intends to close as he now needs a home to live in, I was also informed that his funds have been locked by the wife's attorney. I was then told that they believe they have to have some sort of asset accounting done before they can release assets to allow the purchase and that this will add days to the closing."

Exhibit A-2.

Thereafter, Anthony Laughlin expressed his intention to wholly breach the contract, and ultimately, Anthony Laughlin breached the contract. Anthony Laughlin failed to fund the purchase of the Property. Exhibit A, A-1, and A-2.

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
<u>*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*</u>          Page 4 of 11

Having found himself in the position of continuing to pay expenses (*e.g.,* HOA fees, taxes, and other expenses) on a property which he anticipated to have been sold to Anthony Laughlin, Plaintiff took steps to mitigate his damages. Plaintiff re-listed the Property for sale, and eventually sold it to another purchaser for the lower sales price of $1,160,000.00 ($215,000.00 less than the contract price which Anthony Laughlin agreed to pay). Exhibit A, A-3, and A-4.

III.     SUMMARY JUDGMENT EVIDENCE.

In support of his traditional and no evidence motion for summary judgment, Plaintiff attaches the following evidence and incorporates same by reference as if fully set forth herein:

~~~
Exhibit A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Affidavit of William McGuire
    Exhibit A-1 . . . . . . . . . . . . . . . . . . . . . Residential Condominium Contract,
                                                             including Amendment to Contract,
                                                             and Non-Realty Items Addendum
    Exhibit A-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Email Communications
    Exhibit A-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Subsequent Contract
    Exhibit A-4 . . . . . . . . . . . . . . . . . . . . . . Documentation of Carrying Costs

Exhibit B . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Declaration of J. Lynn Watson
    Exhibit B-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . attorney-client contract
    Exhibit B-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . itemized billing records
~~~

In this case, the dispute concerns a clear and unambiguous contract. Plaintiff's position is that the only evidence the Court need consider is the text of the contract itself, which is attached hereto as Exhibit 1-A.

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
<u>*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*</u>     Page 5 of 11

IV.	STANDARD OF REVIEW.

The purpose of summary judgment procedure is to allow courts to summarily end a case when only a question of law is involved and there is no genuine issue of fact. *G&H Towing Co. v. Magee,* 347 S.W.3d 293, 296-97 (Tex. 2011). "A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan v. Navistar, Inc.,* 555 S.W.3d 79, 84 (Tex. 2018). "A trial court properly grants a defendant's traditional motion for summary judgment 'if the defendant disproves at least one element of each of the plaintiff's claims or establishes all elements of an affirmative defense to each claim.'" *Dallas Morning News, Inc. v. Tatum,* 554 S.W.3d 614, 625 (Tex. 2018).    The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

Similarly, it is proper for the trial court to grant a party's no evidence motion for summary judgment if the other party has produced no more than a scintilla of evidence on an essential element of a cause of action or if the adverse party's evidence does not rise to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* Rule 166a allows a no evidence motion for summary judgment to be filed after an adequate time for discovery. Here, the suit has been on file approximately one year, and Anthony Laughlin has engaged in substantial discovery, including interrogatories, requests for admissions, requests for production, and document production.

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
<u>*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*</u>         Page 6 of 11

IV.     ARGUMENT AND AUTHORITIES.

To prevail on this motion for summary judgment for Plaintiff's breach of contract counterclaim, Plaintiff must show:

   a.   There is a valid and enforceable contract between Plaintiff and Anthony Laughlin;

   b.   Plaintiff performed, tendered performance, or was excused from performing his contractual obligations;

   c.   Anthony Laughlin breached the contract; and

   d.   Anthony Laughlin's breach caused Plaintiff's damages.

*Snyder v. Eanes I.S.D.,* 860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied). Because Plaintiff can show all the elements as a matter of law, this Motion must be granted.

A.     Plaintiff has an enforceable contract.

To prove an enforceable contract, Plaintiff must show a) an offer, b) an acceptance, c) mutual assent, d) execution and delivery of the contract with the intent that it be mutual and binding, and e) consideration supporting the contract. *Baylor Univ. v. Sonnichsen,* 221 S.W.3d 632, 635 (Tex. 2007). As discussed below, Plaintiff meets all these criteria.

There is no dispute that Plaintiff made an offer to Anthony Laughlin to sell real property for $1,375,000.00, and there is no dispute that Anthony Laughlin accepted that offer and agreed to purchase the property for $1,375,000.00. See Exhibit A, including A-1. Indeed, the record shows that Anthony Laughlin entered into the contract, as evidenced by his initials at the bottom of each page of the contract, and his signature on page 7 of the contract. See Exhibit A, A-1. The terms of

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*        Page 7 of 11

this offer were clear and definite. *See Engelman Irrigation Dist. V. Shields Bros.,* 960 S.W.2d 343, 352 (Tex. App.—Corpus Christi 1997, pet. denied).

B.     Anthony Laughlin breached the contract.

On February 23, 2018, Anthony Laughlin's real estate representative informed Plaintiff's real estate representative that Anthony Laughlin would not immediately fulfil his contractual obligations because he had been served with divorce papers and needed additional time to fulfil his funding obligations. Specifically, Plaintiff was informed by his real estate representative as follows:

> "As it was explained to me earlier today, the buyer returned from business travel this week to find he was locked out of his home and served with divorce papers. While I was told that the soon to be ex-wife was in favor of his purchase, and he says he intends to close as he now needs a home to live in, I was also informed that his funds have been locked by the wife's attorney. I was then told that they believe they have to have some sort of asset accounting done before they can release assets to allow the purchase and that this will add days to the closing."

A true and correct copy of the notice received from Plaintiff's real estate agent is attached hereto as Exhibit "A-2".

Thereafter, Anthony Laughlin expressed his intention to wholly breach the contract, and ultimately, Anthony Laughlin breached the contract. It is undisputed that Anthony Laughlin failed to fund the purchase of the Property. Exhibit A.

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*     *Page 8 of 11*

C.  **Plaintiff sustained damages as a result of Laughlin's breach of contract.**

By way of this cause of action, Plaintiff seeks compensation for all damages to which he is entitled as a result of Anthony Laughlin's breach of contract. Anthony Laughlin contracted to pay Plaintiff the sum of $1,420,000.00 for the purchase of the property (including $1,375,000.00 for the real estate and $45,000.00 for the personal property). After Anthony Laughlin's breach, Plaintiff re-listed the Property for sale, and eventually sold it (with furnishings) to another purchaser for the lower sales price of $1,160,000.00. Exhibit A, A-3. Therefore, Plaintiff incurred a loss of $260,000.00 in purchase price, as well as $287.00 in additional title fees, which is offset by the earnest monies Plaintiff received upon McLaughlin's failure to close in the amount of $32,500.00 (including $25,000.00 received by Plaintiff on February 28, 2018 and $7,500.00 received by Plaintiff on March 20, 2018). Exhibit A. Additionally, Plaintiff incurred expenses pertaining to the property after the time of the scheduled sale and until the time of sale to another purchaser, including, but not limited to the following:

```
Preparations for re-listing (costs for staging, cleanup, and repair)  . . . . . . . . . $19,494.05
Mortgage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $59,298.18
Real estate taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $44,187.70
Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5,982.69
Homeowners' Association fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $31,909.97
Utilities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5,756.76
Subtotal of carrying costs itemized hereinabove . . . . . . . . . . . . . . . . . . . . $166,629.36
```

Exhibit A, A-4. Additionally, Plaintiff incurred attorneys' fees in the amount of at least $15,525.00. (See Exhibit B.)

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*          Page 9 of 11

V.    CONCLUSION.

At this time and by way of the instant motion, Plaintiff seeks summary judgment on the issues of liability and damages to which he is entitled to recover.

Respectfully submitted,

J. Lynn Watson
State Bar No. 20761510
THE J. L. WATSON LAW FIRM, P.C.
9442 N. Capital of Texas Highway
Arboretum Plaza 1; Suite 500
Austin, Texas 78759
Telephone: (512) 343-4526
Telecopier: (512) 582-2953
email: lwatson@jlw-law.com

and

/s/   Richard S Hoffman
_____

Richard S. Hoffman
State Bar No. 09787200
LAW OFFICE OF RICHARD S. HOFFMAN
Congress Square II
611 S. Congress, Suite 210
Austin, TX 78704
Telephone: (512) 322-9800
email: rhoff88302@aol.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF FILING AND SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on all counsel of record.

/s/   Richard S Hoffman
_____

Richard Hoffman

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*    Page 10 of 11

CERTIFICATE OF CONFERENCE

    I hereby certify that counsel for Plaintiff has attempted to confer with Defendant's counsel with regard to the instant motion. Defendant's counsel has stated that Defendant is opposed to Plaintiff's motion.

                                      /s/  Richard S Hoffman

                                      Richard Hoffman

*Civil Action No. 1:21-CV-210-RP; William McGuire vs. Geoffrey Chackel;*
*In the Western District of Texas; Austin Division*
<u>*Plaintiff's Traditional and No Evidence Motion for Summary Judgment*</u>      *Page 11 of 11*