# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **WILLIAM MCGUIRE,** *Plaintiff* § § § | |
| **v.** § § § | Case No. 21-cv-00210-RP-SH |
| **GEOFFREY CHACKEL,** *Defendant* § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
    **UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Traditional and No Evidence Motion for Summary Judgment, filed October 28, 2021 (Dkt. 7), and Defendant's Response, filed November 10, 2021 (Dkt. 8). On April 21, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas.

## I.   Background

In January 2018, Plaintiff William McGuire entered into an agreement to sell a condominium located in Austin, Texas (the "Property") to Anthony Laughlin. Dkt. 7 at 3. On January 31, 2018, the parties memorialized the agreement by signing a Residential Condominium Contract (Resale) (the "Contract"), which set forth a purchase price of $1,375,000[1] and closing date of February 16,

---

[1] The Contract also included an Addendum in which Laughlin agreed to purchase $45,000 of personal property from McGuire. Dkt. 8-1 at 12.

2018. Dkt. 8-1 at 3, 5. The Contract required Laughlin to deposit $25,000 with Heritage Title as earnest money. *Id.* at 3. The Contract also included the following default provision:

> **15. DEFAULT:** If Buyer falls to comply with this contract, Buyer will be in default, and Seller may (a) enforce specific performance, seek such other relief as may be provided by law or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract . . . .

*Id.* at 6. McGuire states that he performed all his duties under the Contract, but Laughlin informed McGuire that he was unable to immediately fulfill his funding obligations. Dkt. 7 at 4. Consequently, the parties postponed the closing date three times. The parties agreed that the earnest money would be released to McGuire in exchange for the second extension (Dkt. 8-3), and that Laughlin would pay a non-refundable fee of $7,500 for the third and final extension (Dkt. 8-4). Ultimately, Laughlin breached the Contract by failing to fund the purchase. He provided a Notice of Buyer's Termination of Contract to McGuire on March 26, 2018. Dkt. 8 at 6.

Defendant asserts that McGuire immediately relisted the Property for $1,490,000 and kept it at that price for nearly five months. *Id.* McGuire then lowered the listing price twice—once in August 2018 and once January 2019—and either withdrew or allowed the Property's status to become inactive on several realty websites in November 2019. *Id.* In September 2019, McGuire sold the Property to another buyer for $1,160,000.[2] Dkt. 7 at 5.

McGuire filed this suit against Laughlin in state court, claiming breach of contract and common law and statutory fraud. *McGuire v. Laughlin*, No. D-1-GN-20-000078 (98th Dist. Ct., Travis County, Tex. Jan. 6, 2020). After answering and appearing in the lawsuit, counsel for Anthony Laughlin informed the state court that Laughlin had died and filed a motion to replace him with Geoffrey Chackel, in his capacity as Personal Representative for the Estate of Anthony Laughlin,

---

[2] Defendant's Response Brief states that the Property sold for $1,075,000. Dkt. 8 at 6.

which was granted. Dkt. 1-13. On March 4, 2021, Chackel removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Dkt. 1.

In his First Amended Petition, Plaintiff alleges breach of contract as well as common law and statutory fraud. Dkt. 1-6. Defendant denies liability and asserts the following affirmative defenses: failure to mitigate, release, impossibility/impracticability of performance, accord and satisfaction, ratification, and waiver. Dkt. 1-8. Plaintiff now moves for summary judgment under Federal Rule of Civil Procedure 56, arguing that he is entitled to judgment on his breach of contract claim.[3]

## II.  Legal Standards

"A no evidence motion for summary judgment is only available in the Texas State courts. Accordingly, the Court should apply the appropriate federal standard to the Defendant's motion for summary judgment." *Cardner v. Home Depot U.S.A., Inc.*, 561 F. Supp. 2d 640, 643 (E.D. Tex. 2006) (internal citation omitted). Under the federal standard, summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007).

A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a

---

[3] As Defendant correctly notes, the Motion is for partial summary judgment because it does not address Plaintiff's common law and statutory fraud claims.

motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

When a movant seeks summary judgment on a claim for which he has the burden of proof at trial, the movant must "establish beyond peradventure all of the essential elements of the claim or defense." *Guzman v. Allstate Assurance Co.*, 185 F.4th 157, 160 (5th Cir. 2021) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Under this standard, the moving party must present evidence that would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (citation omitted). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020).

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   Analysis

Plaintiff argues that he is entitled to summary judgment on the breach of contract claim because it is undisputed that the parties had an enforceable contract, Defendant breached the Contract by failing to fund the purchase of the Property, and Plaintiff sustained damages as a result. Plaintiff

seeks $260,000 in damages, based on the difference between the contract price and the subsequent sale price, as well as $166,629.36 in carrying costs and $15,525 in attorneys' fees. Dkt. 7 at 9.

Defendant admits that he breached an enforceable contract, but argues that Plaintiff is not entitled to damages under the Contract and the doctrines of waiver and election of remedies, which he asserts as affirmative defenses. Defendant also argues that several genuine issues of material fact remain, contending that Plaintiff has failed to conclusively establish: (1) the fair market value of the Property; (2) whether Plaintiff took prompt and reasonable steps to relist the Property; (3) whether Plaintiff's increased sales price constitutes the exercise of reasonable care to minimize his damages; (4) whether, by accepting a lower sales price for the Property, Plaintiff reasonably attempted to mitigate damages; and (5) whether Plaintiff's carrying cost were reasonable and necessary.

### A. Plaintiff is Not Entitled to Summary Judgment as a Matter of Law

A federal court sitting in diversity applies Texas law in the interpretation of contracts negotiated, drafted, and executed in Texas. *See H.E. Butt Grocery Co. v. Nat'l Union Fire Ins. Co.*, 150 F .3d 526, 529 (5th Cir. 1998) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1930)). Under the general rules of contract interpretation, courts "construe an unambiguous contract according to the plain meaning of its express wording." *Chapman v. Abbot*, 251 S.W.3d 612, 616-17 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Courts aim to discern and give effect to the intent of the contracting parties. *Id.* at 616 (citing *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006)). "To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). Moreover, courts should "read all parts of the contract together" and "strive 'to give meaning to every sentence, clause, and word to avoid rendering any portion

inoperative.'" *Ironshore Specialty Ins. Co. v. Aspen Underwriting Ltd.*, 40 F. Supp. 3d 807, 815 (W.D. Tex. 2014) (quoting *Balandran v. Safeco Ins. Co. of Amer.*, 972 S.W.2d 738, 741 (Tex. 1998)).

The Contract contains a default provision, which sets forth the remedies available to the seller if the buyer defaults: "Seller may (a) enforce specific performance, seek such other relief as may be provided by law or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract." Dkt. 8-1 at 6. Given the use of the word "or," the plain language of the contract does not allow Plaintiff to recover both the earnest money and damages. *Ifiesimama v. Haile*, 522 S.W.3d 675, 691 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (construing similar default provision to provide mutually exclusive remedies); *Goldman v. Olmstead*, 414 S.W.3d 346, 360-61 (Tex. App.—Dallas 2013, pet. denied) (same).

Plaintiff admits that he has received the earnest money from Defendant. Dkt. 7 at 9. Furthermore, Plaintiff does not address the Contract's default provision in his Motion and therefore does not advance any arguments as to why it does not bar the remedy he seeks. The Court thus finds that Plaintiff is not entitled to judgment as a matter of law and recommends that his Motion be denied on that basis, but proceeds to address Defendant's arguments as to fact issues.

### B. Genuine Issues of Material Fact Remain

Under Texas law, the "essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. Test America, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Only the fourth element is disputed by the parties here, and the "plaintiff bears the burden of demonstrating that he suffered

6

a loss as a result of the breach." *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (citing *Taub v. Houston Pipeline Co.,* 75 S.W.3d 606, 617 (Tex. App.—Texarkana 2002, pet. denied)).

For breach of contract claims involving the sale of real estate, "the measure of damages is the difference between the contract price and the property's market value at the time of the breach." *Barry v. Jackson*, 309 S.W.3d 135, 140 (Tex. App.—Austin 2010, no pet.) (citing *Kempner v. Heidenheimer*, 65 Tex. 587, 591 (1886)). The market value of the property may be determined by "a fair resale, after notice to the party . . . within a reasonable time after the breach." *Kempner*, 65 Tex. at 591. Often, however, "damages for breach of a contract to buy or sell real estate are 'uncertain and not easily estimated with accuracy.'" *Chan v. Montebello Dev. Co.*, No. 14–06–00936–CV, 2008 WL 2986379, at *3 (Tex. App.—Houston [14th Dist.] July 31, 2008, pet. denied) (mem. op.) (quoting *Thanksgiving Tower Partners v. Anros Thanksgiving Partners,* 64 F.3d 227, 232 (5th Cir. 1995)).

It is undisputed that Plaintiff sold the Property to another buyer for less than the Contract price. Because the sale took place more than six months after Defendant breached the Contract, however, it does not conclusively establish the fair market value of the Property at the time of the breach. Although a property owner is qualified to testify to the market value of a property, *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 156 (Tex. 2012), Plaintiff's Affidavit in support of his Motion does not provide any evidence of fair market value other than the sale price. Therefore, the Court finds that Plaintiff did not conclusively establish that a delay of more than six months was a "reasonable time after the breach," or that the sale price otherwise reflected the Property's value at the time of the breach. *See Barry*, 309 S.W.3d at 140-42 (reversing trial court's damages award because plaintiffs neither provided evidence to establish that thirteen months was

7

reasonable amount of time nor that "sales price reflected the property's value at the time of [defendant's] breach").

Furthermore, Defendant has offered evidence disputing whether the subsequent purchase price reflects the fair market value of the Property, arguing that Plaintiff's actions—notably, listing the Property at a higher price and withdrawing it from (or letting it become inactive on) several realty websites—made the Property more difficult to sell and negatively impacted the sale price. Dkt. 8 at 13. The Court thus finds that Plaintiff has not conclusively established that he sustained damages as a result of Defendant's breach.

## IV.   Conclusion

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff's Traditional and No Evidence Motions for Summary Judgment (Dkt. 7).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 17, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE